## BORINSTEIN v. KATZOW.

[No. 28,011. Filed June 5, 1944.]

*Joseph & Dann* and *Pell & Pell,* all of Indianapolis, for appellant.

*Alvah J. Rucker,* of Indianapolis, and *George R. Tolen,* of Shelbyville, for appellee.

RICHMAN, J.—The controlling question in this appeal is whether § 33-104, Burns' 1933, § 8364, Baldwin's 1934, applies to the oral contract which is the basis of the action. The question is presented by several assignments of error but only the second need be considered, namely, "The court erred in overruling Appellants' demurrer to the complaint." The statute provides:

> "No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one (1) person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, . . ."

Only one obligation was to be performed by appellee under the alleged contract, namely, "obtain a proposition in writing from an association, namely: The Jewish Home for the Aged, Indianapolis, Indiana, for the purchase by the latter of real estate consisting of a certain house, dwelling and grounds commonly known as house No. 3516 Central Avenue, in the City of Indianapolis, Indiana, for use as a home for the aged persons of the Jewish race." For this service appellant agreed to pay $250. It is further alleged:

> "That under such contract, it was then and there agreed between the plaintiff and defendant, that such proposition was not to be obtained for any sale or actual purchase of said real estate but for the purpose of enabling the defendant Borin-

stein to make a gift of said real estate to said Association, only, and to bring to the defendant said association and its duly authorized officers and members in order that said real estate might be given by said defendant and said defendant's relatives who theretofore held respective shares therein to said association with the sole condition that the said The Jewish Home for Aged be named: The Joseph A. and Annie Borinstein Jewish Home for Aged for the aged and a reversionary right under certain conditions; that said sum of $250.00 under said agreement was in no sense nor purpose a commission for the sale of said real estate or of any real estate."

The complaint concludes with allegations of performance by appellee's procurement of an executed written proposition to pay the sum of $10,000 in cash for the real estate less certain taxes, which. proposition was delivered to appellant, who thereafter executed a deed of gift of the real estate to the association but refused to pay the agreed commission which, with interest, is demanded by the prayer.

We regard as surplusage the statement of the motives or purposes for which appellant desired the proposition of purchase. He was obligated to no one to carry out the intention expressed at the time of the execution of the alleged contract but could have accepted the written offer of the association, thus making a binding contract of sale, or have forgotten the whole matter without obligating himself in any way either to appellee or to the association. Delivery to appellant of the written proposition to purchase executed by the association was the "finding or procuring . . . of a purchaser" within the meaning of the statute.

Judgment reversed with instructions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 55 N. E. (2d) 260.